UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SO YOUNG KANG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-04309-DMR<br><br>**ORDER RE DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 54 |

Plaintiff So Young Kang filed this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Clear Recon Corp (collectively "Defendants"), asserting violations of California's Homeowner's Bill of Rights ("HBOR"), specifically California Civil Code Sections 2923.55, 2923.6, 2923.7, and 2924.12, as well as the Unfair Competition Law ("UCL"), California Business & Professions Code Section 17200, *et seq*. Plaintiff seeks damages, equitable and declaratory relief, and injunctive relief prohibiting the sale of her property. Wells Fargo moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Docket No. 54.] Clear Recon Corp joins the motion. [Docket No. 57]. The court held a hearing on the motion on March 22, 2018. For the following reasons, Defendant's motion is granted with leave to amend. Plaintiff shall file a Second Amended Complaint by April 16, 2018.

**I.　BACKGROUND**

The following facts are allegations that Plaintiff makes in her[1] complaint, all of which are taken as true solely for purposes of this motion.[2]

---

[1] The complaint confusingly refers to Plaintiff as both "he" and "she." Since the Adjustable Rate Mortgage Note states that Plaintiff is an unmarried woman, the court will refer to Plaintiff as "she." (Def.'s Req. for Judicial Notice ("RJN") [Docket No. 55], Ex. A (Adjustable Rate Mortgage Note)).

[2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

On February 2, 2007, Plaintiff executed a promissory note for $595,000.00 in favor of World Savings Bank, FSB ("World Savings Bank"), which was secured by a deed of trust on real property located at 327 Ansel Avenue Alameda, California 94501 ("the Property"). (First Amended Complaint ("FAC") ¶ 18; Def.'s Req. for Judicial Notice ("RJN") [Docket No. 55], Ex. A (Adjustable Rate Mortgage Note); Ex. B (Deed of Trust)). In November 2007, World Savings Bank became Wachovia Mortgage, FSB ("Wachovia"), and in November 2009, Wachovia merged into Wells Fargo. (RJN Ex. C).

On or about December 1, 2010, Plaintiff defaulted on the loan. (RJN, Ex. D (Notice of Default) at 2).

In 2015, Plaintiff requested foreclosure prevention alternatives and assistance in obtaining such alternatives from Defendants. (FAC, ¶ 27). Despite her request, Defendants did not provide her with the name or information of a "single point of contact" or SPOC. (*Id*., ¶ 28). Plaintiff also asserts that if Defendants did assign her a SPOC, that contact was "either not willing to or was not provided with the ability to help Plaintiff, which [was] tantamount to not having a [SPOC]." (*Id*.)

On February 25, 2016, Clear Recon Corp recorded the Notice of Default. (RJN, Ex. D (Notice of Default)). Plaintiff alleges that she was not notified that Clear Recon Corp was substituted as the Trustee on the Deed of Trust, or of any subsequent assignments of her loan, in violation of HBOR section 2937. Attached to the Notice of Default is a Declaration of Compliance signed by Laura Rodriguez on February 2, 2016. (RJN, Ex. D (Notice of Default), Declaration of Compliance). The Declaration attests that the "mortgage servicer [had] contacted the borrower pursuant to [Section] 2923.55(b)(2) to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. Thirty (30) days, or more, [had] passed since the initial contact was made." (*Id*.) Plaintiff alleges that the declaration is a "fabrication" because she was never contacted by Defendants to discuss her financial situation or options for avoiding foreclosure as required under section 2923.55 prior to the recording of the Notice of Default. (FAC, ¶ 23).

---

of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). (per curiam) (citation omitted).

2

Plaintiff further alleges that she submitted a complete loan modification application to Defendants in May 2016. (FAC, ¶ 30). Plaintiff asserts that Defendants issued her a letter on June 6, 2016, which she received on June 14, 2016, that stated that her loan modification application was in review.[3] (*Id.*) Defendants then repeatedly asked her to submit duplicate copies of paperwork she had already submitted, and also promised her that the Trustee's sale of the property would not go forward. (*Id.*)

Despite the fact that Plaintiff had submitted a complete loan modification application, and Defendants had promised Plaintiff that the sale of the property would not go forward, Defendants recorded a Notice of Trustee's Sale on June 30, 2016. (RJN, Ex. E (Notice of Trustee's Sale))[4].

On June 27, 2016, Plaintiff filed the instant action in Alameda County Superior Court alleging five claims against Defendants: 1) violation of HBOR section 2923.55; 2) violation of HBOR section 2923.6; 3) violation of HBOR section 2923.7; 4) injunctive relief pursuant to HBOR section 2924.12; and 5) the UCL. (Compl.).

Following the July 29, 2016 removal to this court, Plaintiff submitted a request for a loan modification to Wells Fargo's counsel on August 15, 2016, which was forwarded to Wells Fargo. (Third Updated Joint Status Report Re: ADR and Motion for Remand [Docket No. 44] at 2). Plaintiff later submitted a complete loan modification application to Wells Fargo's underwriting team. (*Id.*)

On September 8, 2016, the court stayed the action at the parties' request pending the review of Plaintiff's loan modification application and the completion of the ADR process. (Order Granting Joint Stipulation to Stay All Proceedings Until Completion of Court Mandated ADR Process [Docket No. 25]). During this review period, Defendants did not conduct any foreclosure sale, and allowed the Notice of Trustee's Sale to expire without re-noticing the sale.

---

[3] Plaintiff did not attach a copy of the June 6, 2016 letter to the FAC.

[4] The FAC alleges that the Notice of Trustee's Sale was recorded on June 20, 2016. (FAC, ¶ 32). However, the Notice of Trustee's Sale states that it was recorded on June 30, 2016. (RJN, Ex. E (Notice of Trustee's Sale)). For the purposes of this motion, the court will assume that the Notice of Trustee's Sale was recorded on June 30, 2016, not June 20, 2016 as alleged in the FAC.

On June 2, 2017, Wells Fargo denied Plaintiff's loan modification application. (Third Updated Joint Status Report Re: ADR and Motion for Remand at 2). Plaintiff did not appeal the denial. (*Id.*)

Because the parties completed the ADR process and the review of Plaintiff's loan modification application, the court lifted the stay on October 19, 2017. (Order on Third Updated Joint Status Report Re: ADR and Motion for Remand [Docket No. 47]).

On October 26, 2017, Wells Fargo filed a motion to dismiss the complaint. (Motion to Dismiss [Docket No. 48]). Because Plaintiff failed to file an opposition to Defendant's motion, the court ordered Plaintiff to show cause in writing. (Order to Show Cause [Docket No. 50]). Plaintiff filed a timely response to the order to show cause, and requested leave to file a first amended complaint, which the court granted. (Response to Order to Show Cause [Docket No. 51]; Order Discharging Order to Show Cause [Docket No. 52]). Defendant's motion to dismiss was therefore denied as moot. (Order Discharging Order to Show Cause [Docket No. 52]).

On December 8, 2017, Plaintiff filed the operative first amended complaint alleging six claims against Defendants: 1) violation of HBOR section 2923.55; 2) violation of HBOR section 2923.6; 3) violation of HBOR section 2923.7; 4) injunctive relief pursuant to HBOR section 2924.12; 5) the UCL; and 6) violation of HBOR section 2937. (FAC).

Wells Fargo now moves to dismiss the entire FAC for failure to state a claim. (Mot. To Dismiss [Docket No. 54]. Plaintiff opposes. (Opp'n [Docket No. 66]).

**II.     LEGAL STANDARD**

   **A.     Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

**B.     Leave to Amend**

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district

5

court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit." *FlatWorld Interactives LLC v. Apple Inc.*, 12-CV-01956-WHO, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013). "Rather, '[a]bsent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *Id*. (quoting *Eminence Capital*, 316 F.3d at 1052). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleadings could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. REQUEST FOR JUDICIAL NOTICE

Wells Fargo filed an unopposed request for judicial notice of the following documents: 1) the Adjustable Rate Mortgage Note ("the Note") dated February 2, 2007 signed by Plaintiff (Ex. A); 2) Deed of Trust dated February 2, 2007 and recorded in the Alameda County Recorder's Office on February 14, 2007 (Ex. B); 3) a compilation of documents from the Office of Thrift Supervision ("OTS"), Department of Treasury, Federal Deposit Insurance Corporation ("FDIC"), and Comptroller of Corporate Administrator of National Banks including (i) Certificate of Corporate Existence dated April 21, 20016 issued by the OTS, (ii) Letter dated November 19, 2007 from the OTS to Wachovia Corporation; (iii) Charter of Wachovia Mortgage, FSB signed by the Director of the OTS; and (iv) Official Certification of the Comptroller of the Currency (collectively Ex. C); 4) Notice of Default dated February 23, 2016 and recorded in the Alameda County Recorder's Office on February 25, 2016 (Ex. D); and 5) Notice of Trustee's Sale dated June 27, 2016 and recorded in the Alameda County Recorder's Office on June 30, 2016 (Ex. E). (Def's RJN; Ex. A-E).

Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy

cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] court may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

The court grants the request as to the Note because it is a document on which the FAC "necessarily relies." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006). On a Rule 12(b) motion, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id*. (citing cases); *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (same). "The court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder*, 450 F.3d at 448 (citation and internal quotation marks omitted). Here, the Note meets the requirements of evidence on which the FAC "necessarily relies" because (1) the FAC "refers" to the Note in paragraph 18; (2) the document is central to Plaintiff's claims; and (3) no party questions the authenticity of the document. *See, e.g.*, *Romo v. Wells Fargo Bank, N.A*., No. 15-CV-03708-EMC, 2016 WL 324286, at *2 (N.D. Cal. Jan. 27, 2016) (taking judicial notice of the Adjustable Rate Mortgage Note because it was a document on which the FAC necessarily relied).

The court grants the request as to Exhibits B, D, E because they are true and correct copies of official public records of the Alameda County Recorder's Office, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *Mulhall v. Wells Fargo Bank, N.A.*, 241 F. Supp. 3d 1046, 1050 (N.D. Cal. 2017) ("Under Federal Rule of Evidence 201(b), publicly-recorded real estate instruments and notices are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute."); *see also Thompson v. Nationstar Mortg. LLC*, No. 17-CV-02864-DMR, 2017 WL 3232549, at *1, n.1 (N.D. Cal. July 31, 2017) (taking judicial notice of official public records of the San Mateo County Recorder's Office).

The court grants the request as to Exhibit C because they are records "reflecting official

acts of the Executive Branch." *Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091, 1093 n.2 (N.D. Cal. 2013) (taking judicial notice of "records reflecting official acts of the Executive Branch documents" including documents from the OTS and Official Certification of the Comptroller of the Currency); *Marscellas v. Wells Fargo Bank, N.A.*, No. 13-CV-05806-BLF, 2015 WL 13386894, at *3 (N.D. Cal. Dec. 15, 2015) (taking judicial notice of compilation of documents from the OTS, FDIC, and the Comptroller of the Currency Administrator of National Banks as "'records reflecting official acts of the Executive Branch'") (quoting *Graybill*, 953 F. Supp. 2d at 1093, n.2).

Judicial notice of Exhibits B through E is limited to the existence of the documents, and not the truth of the matters stated in them. *Lee*, 250 F.3d at 690.

## IV. DISCUSSION

At the hearing, Plaintiff's counsel conceded that the following claims cannot be amended in a manner consistent with Federal Rule of Civil Procedure 11: 1) section 2923.55; 2) section 2923.6; 3) section 2923.7; 4) section 2924.12; and 5) the UCL. Accordingly, the court grants Defendants' motion as to these claims and dismisses them with prejudice. Therefore, the only claim at issue is Plaintiff's claim for violation of section 2937.

### A. Section 2937

Plaintiff alleges that Wells Fargo violated section 2937 by failing to give her written notice of subsequent assignments of her loan. (FAC, ¶¶ 77-80). Section 2937(b) provides, in relevant part, that "[a]ny person transferring the servicing of indebtedness . . . to a different servicing agent and any person assuming from another responsibility for servicing the instrument evidencing indebtedness, shall give written notice to the borrower or subsequent obligor before the borrower or subsequent obligor becomes obligated to make payments to a new servicing agent." Cal. Civ. Code § 2937(b).

Wells Fargo argues that Plaintiff cannot state a section 2937 claim because her loan was never transferred or assigned to a different servicing agent. Wells Fargo asserts that it is the successor-in-interest to World Savings, and possesses the same rights to enforce the Note and Deed of Trust as World Savings. Wells Fargo also contends that Plaintiff's claim fails because

1  she has not alleged any harm as a result of the violation of section 2937.

2  Having reviewed the FAC, the court finds that Plaintiff fails to allege facts sufficient to state a Section 2937 claim because the record shows that her loan was not transferred or reassigned to a different servicing agent or lender. The Note and Deed of Trust specifically provide that the lender of Plaintiff's loan is "World Savings Bank, FSB . . . , its successors and/or assignees." (RJN, Ex. A (Adjustable Rate Mortgage Note) at 1; Ex. B (Deed of Trust) at 1). Wells Fargo is the successor-in-interest to World Savings. (RJN, Ex. C (Compilation of Documents)) (showing that World Savings changed its name to Wachovia Mortgage, FSB, and Wachovia then merged into Wells Fargo); *see also Malveaux v. Wells Fargo Bank, N.A.*, No. 17-CV-05004-CW, 2017 WL 6623029, at *4 (N.D. Cal. Dec. 28, 2017) (noting that courts in this district have recognized that Wells Fargo "is . . . the successor-in-interest to World Savings") (citing cases). As the successor-in-interest to World Savings, Wells Fargo "succeeds to the rights, property, debts, and liabilities 'without other transfer'" by operation of California law. *Hammons v. Wells Fargo Bank, N.A.*, No. 15-CV-04897-RS, 2016 WL 845295, at *4 (N.D. Cal. Mar. 4, 2016) (quoting Cal. Corp. Code § 1107(a)); Cal. Corp. Code § 1107(a) ("Upon merger pursuant to this chapter the separate existence of the disappearing corporations ceases and the surviving corporation shall succeed, without other transfer, to all the rights and property of each of the disappearing corporations . . . .").

Plaintiff's claim also fails because she has not alleged any harm suffered as a result of the violation of section 2937. *See Dominguez v. Bank of Am., N.A.*, No. CV-14-7489-GHK (FFMx), 2015 WL 12791511, at *5 (C.D. Cal. Apr. 3, 2015) ("Since [Section 2937] is similar to section 2605 of RESPA, the failure to adequately allege damages caused by the lack of notice makes [the Section 2937 claim] implausible as well."); *Paulhus v. Fay Servicing, LLC*, No. CIV. 2:14-736 WBS AC, 2014 WL 2453091, at *3 (E.D. Cal. May 30, 2014) ("In order to state a claim for a violation of section 2937, a plaintiff must allege that the harm he suffered resulted from that statutory violation.") (citing cases).

In her opposition, Plaintiff does not respond to Wells Fargo's arguments. Instead, she merely reproduces almost verbatim paragraphs 19, and 77-79 of the FAC, with no explanation of

9

how these allegations state a section 2937 claim. Accordingly, she has effectively conceded Wells Fargo's arguments. *See Ardente, Inc. v. Shanley*, No. 07–4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence.").

At the hearing, Plaintiff's counsel conceded the flaws in the section 2937 claim, but requested leave to amend to include allegations against Clear Recon Corp. Section 2937 only requires written notice to the borrower of a transfer of rights under a loan or the servicing of a loan where the borrower becomes "obligated to make payments to a *new servicing agent*." Cal. Civ. Code § 2937(b) (emphasis added). According to the FAC, Clear Recon Corp is the trustee of the Deed of Trust. (FAC, ¶ 19) ("Sometime in 2015 or 2016, CLEAR RECON was substituted as the Trustee under the Deed of Trust."). Although it is not entirely clear what additional facts Plaintiff could allege to show that Clear Recon Corp is a servicing agent for purposes of section 2937, Rule 15 provides that amendment should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the court will grant Plaintiff leave to amend the section 2937 claim to extent that Plaintiff can allege that Clear Recon Corp is a "servicing agent" under section 2937 in a manner consistent with Rule 11.

Therefore, the court dismisses Plaintiff's section 2937 claim with leave to amend.

## V. CONCLUSION

In conclusion, the court grants Wells Fargo's motion, with leave to amend the section 2937 claim. Plaintiff shall file a Second Amended Complaint by April 16, 2018.

**IT IS SO ORDERED.**

Dated: April 2, 2018



Donna M. Ryu
United States Magistrate Judge

10